BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-5557
E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHREY SHRIVASTAVA,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, SECRETARY, U.S. DEPARTMENT,<br><br>Defendant. | No. 8:25-cv-01639-AH-ADS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>*[Declaration of Alexander L. Farrell and proposed order filed concurrently herewith]*<br><br>Hearing Date: January 7, 2026<br>Hearing Time: 1:30 p.m.<br>Ctrm: 9C<br><br>Honorable Anne Hwang<br>United States District Judge |

# TABLE OF CONTENTS

DESCRIPTION PAGE

**Contents**


TABLE OF AUTHORITIES ii

NOTICE OF MOTION AND MOTION TO DISMISS vi

MEMORANDUM OF POINTS AND AUTHORITIES 1

I. INTRODUCTION 1

II. STATUTORY AND OPERATIONAL BACKGROUND 2

III. FACTUAL ALLEGATIONS 3

IV. LEGAL STANDARDS 4

V. ARGUMENT 5

A. Plaintiff Fails to Plausibly Allege That a 2.5 Month Delay in Re-Adjudicating His Visa Applications Is Unreasonable 5

1. The First *TRAC* Factor (Rule of Reason) Favors Defendant. 6

2. The Second *TRAC* Factor (Congressional Timetable) Favors Defendant. 7

3. The Third (Human Health and Welfare) and Fifth (Prejudice) *TRAC* Factors Favor Defendant. 8

4. The Fourth *TRAC* Factor (Effect of Expediting Relief) Favors Defendant. 8

5. The Sixth *TRAC* Factor (Impropriety) Is Neutral Or Favors Defendant. 9

B. This Court Is an Improper Venue, Nor Is Any Venue Proper 9

C. Secretary Rubio is an Improper Defendant Because He is Unable to Redress Plaintiff's Alleged Harms 12

D. Dismissal Should Be Without Leave to Amend. 13

VI. CONCLUSION 14

# TABLE OF AUTHORITIES

DESCRIPTION PAGE

**Cases**

*Aghchay v. U.S. Dep't of State*,
No. 2:22-cv-5708-PA, 2022 WL 19569516 (C.D. Cal. Dec. 20, 2022) ..................... 5, 9
*Allen v. Milas*,
896 F.3d 1094 (9th Cir. 2018) ..................... 12
*Alshawy v. United States Citizenship & Immigr. Servs.*,
2022 WL 970883 (D.D.C. Mar. 30, 2022) ..................... 7
*Asghari v. Rubio*,
2025 WL 578384 (C.D. Cal. Jan. 23, 2025) ..................... 5, 14
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................... 4
*Baan Rao Thai Rest. v. Pompeo*,
985 F.3d 1020 (D.C. Cir. 2021) ..................... 13
*Babamuradova v. Blinken*,
633 F. Supp. 3d 1 (D.D.C. 2022) ..................... 7
*Batra v. United States Citizenship & Immigr. Servs.*,
2021 WL 4353112 (C.D. Cal. Aug. 2, 2021) ..................... 10, 11
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................... 4
*Cheng v. Baran*,
No. 2:17-cv-2001-RSWL, 2017 WL 3326451 (C.D. Cal. Aug. 3, 2017) ..................... 5
*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ..................... 2
*Diamond v. United States*,
765 Fed. App'x 377 (9th Cir. 2019) ..................... 10
*Diamond v. United States*,
No. 2:17-CV-06327-ODW, 2018 WL 922128 (C.D. Cal. Feb. 15, 2018) ..................... 10, 12
*Ferdowki v. Blinken*,
No. 2:23-cv-1123-JWH, 2024 WL 685912 (C.D. Cal. Feb. 12, 2024) ..................... 5, 7, 8
*Galveston, Harrisburg & San Antonio Railway Co. v. Gonzales*,
151 U.S. 496 (1894) ..................... 10, 11
*Ghalambor v. Blinken*,
No. 2:23-cv-9377-MWF, 2024 WL 653377 (C.D. Cal. Feb. 1, 2024) ..................... 7
*Hong Kong, Inc. v. Levin*,
800 F.2d 970 (9th Cir. 1986) ..................... 13
*Hulli v. Mayorkas*,
549 F. Supp. 3d 95 (D.D.C. 2021) ..................... 9
*In re A Cmty. Voice*,

878 F.3d 779 (9th Cir. 2017) .......... 6
*In re Cal. Power Exch. Corp.*,
245 F.3d 1110 (9th Cir. 2001) .......... 7
*Johnson v. United States*,
2009 U.S. Dist. LEXIS 135608 (C.D. Cal. Jul. 23, 2009) .......... 13
*Kantharia v. United States Citizenship & Immigr. Servs.*,
672 F. Supp. 3d 1030 (C.D. Cal. 2023) .......... 11
*Karimova v. Abate*,
2024 WL 3517852 (D.C. Cir. Jul. 24, 2024) .......... 3
*Kaye v. Brown*,
No. 2:17-cv-4225-SVW, 2017 WL 11631496 n.7 (C.D. Cal. Oct. 4, 2017) .......... 4
*Khajik v. Blinken*,
2023 WL 12002767 (C.D. Cal. Nov. 9, 2023) .......... 8, 9
*Lamont v. Haig*,
590 F.2d 1124 (D.C. Cir. 1978) .......... 10, 12
*Liberty Fund, Inc. v. Chao*,
394 F. Supp. 2d 105 (D.D.C. 2005) .......... 8
*Liu v. Denayer*,
No. 2:21-cv-6653-DMG, 2022 WL 17370527 (C.D. Cal. Jul. 18, 2022) .......... 5
*Liuqing Zhu v. Cissna*,
2019 WL 3064458, at *5 (C.D. Cal. Apr. 22, 2019) .......... 9
*Mahboubian v. Blinken*,
No. 2:24-cv-175-FWS, 2024 WL 3659602 (C.D. Cal. Aug. 1, 2024) .......... 5, 7
*Mashpee Wampanoag Tribal Council, Inc. v. Norton*,
336 F.3d 1094 (D.C. Cir. 2003) .......... 9
*Milligan v. Pompeo*,
502 F. Supp. 3d 302 (D.D.C. 2020) .......... 8
*Ou v. Chertoff*,
2008 WL 686869 (N.D. Cal. Mar. 12, 2008) .......... 11
*Piedmont Label Co. v. Sun Garden Packing Co.*,
598 F.2d 491 (9th Cir. 1979) .......... 4
*Poursohi, et al. v. Blinken*,
2021 WL 5331446 (N.D. Cal. Nov. 16, 2021) .......... 7, 9
*Saavedra Bruno v. Albright*,
197 F.3d 1153 (D.C. Cir. 1999) .......... 12, 13
*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) .......... 12
*Senobarian v. Blinken*,
No. 2:23-CV-07208-ODW, 2024 WL 897566 (C.D. Cal. Feb. 29, 2024) .......... 13
*Shahijani v. Laitinen, et al.*,
No. 2:23-cv-3967-RGK, 2023 WL 6889774 (Oct. 6, 2023) .......... 6, 7, 8

*Singh v. Bardini*,
2023 WL 4669864 (E.D. Cal. Jul. 20, 2023) ....... 7
*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
708 F.3d 1109 (9th Cir. 2013) ....... 14
*Soroush v. Blinken, et al.*,
No. 2:24-cv-6490-CAS, 2025 WL 305837 (C.D. Cal. Jan. 24, 2025) ....... 5
*Telecommunications Research and Action Center (TRAC) v. F.C.C.*,
750 F.2d 70 (D.C. Cir. 1984) ....... 4, 6, 9
*Tenorio v. Bitter, et al.*,
No. 5:23-cv-1581-KK, 2024 WL 2873754 (May 1, 2024) ....... 5
*Vasiunkina v. United States Citizenship & Immigr. Servs.*,
No. 2:24-CV-09116-AH, 2025 WL 1194497 (C.D. Cal. Feb. 13, 2025) ....... 4, 14
*Vaz v. Neal*,
33 F.4th 1131 (9th Cir. 2022) ....... 6, 7
*Williams v. United States*,
704 F.2d 1222 (11th Cir. 1983) ....... 10, 11
*Zhang v. Chertoff*,
2008 WL 5271995 (N.D. Cal. Dec. 15, 2008) ....... 11

**Statutes**

5 U.S.C. § 551(13) ....... 5
5 U.S.C. § 555(b) ....... 6
5 U.S.C. § 702 ....... 5, 11, 13
5 U.S.C. § 706(1) ....... 6
8 U.S.C. § 1101 ....... 2
8 U.S.C. § 1104(a)(1) ....... 10, 12
8 U.S.C. § 1201(a)(1)(A) ....... 2, 12
8 U.S.C. § 1201(g) ....... 2
8 U.S.C. § 1202(a) ....... 11
8 U.S.C. § 1202(d) ....... 2
8 U.S.C. § 1202(h) ....... 2
8 U.S.C. § 1361 ....... 2
22 U.S.C. § 2651 ....... 10
28 U.S.C. § 1391(c) ....... 10
28 U.S.C. § 1391(e) ....... 4, 9
28 U.S.C. § 1391(e)(1)(A) ....... 10, 12
28 U.S.C. § 1391(e)(1)(C) ....... 12
28 U.S.C. § 1402(a)(1) ....... 4, 9, 11
28 U.S.C. § 1406 ....... 4, 9
28 U.S.C. § 1406(a) ....... 10, 12
Pub. L. 106-113 ....... 7

**Regulations**

22 C.F.R. § 42.62(a) .......... 11
22 C.F.R. § 42.81(a) .......... 2
22 C.F.R. §§ 42.61(a) .......... 2, 10, 12

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that, on January 7, 2026, at 1:30 p.m., as soon thereafter as they may be heard, Defendant Marco Rubio, in his official capacity as the United States Secretary of State (the "Secretary" or "Defendant") will, and hereby does, move this Court for an order dismissing Plaintiff Shrey Shrivastava's Complaint. This motion will be heard before the Honorable Anne Hwang, United States District Judge, Courtroom 9C, located at the First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, CA 90012.

Defendant brings this motion on the grounds that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) that the adjudication of the visa application has been unreasonably delayed. Defendant also brings this motion on the grounds that Plaintiff has failed to establish proper venue under Fed. R. Civ. P. 12(b)(3) because neither Plaintiff nor Secretary Rubio are residents within the geographic limits of the United States District Court for the Central District of California. Further, Defendant brings this motion on the grounds that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(1) because Secretary Rubio is an improper defendant for a lawsuit seeking to adjudicate Plaintiff's visa application.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held by videoconference on November 18, 2025. *See* Declaration of Alexander L. Farrell ¶ 4.

Dated: November 25, 2025

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has filed an application for an H-1B visa, an employment-based nonimmigrant visa. The consular interview for Plaintiff's application was held in Chennai, India on May 9, 2025. *See* Dkt. 1 ("Complaint") ¶¶ 42-43. Plaintiff alleges delays in a decision on that application. *Id.* ¶ 54. Through this action, Plaintiff demands that the Court order the federal government (collectively, the "Defendant") to more quickly adjudicate his visa application. Defendant respectfully submits that the Court should dismiss Plaintiff's action for numerous reasons.

First, Plaintiff does not plausibly allege that the 2.5-month delay between the interview and the filing of the Complaint is unreasonable. To the contrary, the alleged delay is far below the four or five-*year* delays that courts have regularly found to be reasonable in this context. Granting Plaintiff, the relief he seeks would simply prioritize Plaintiff's case over others and divert limited consular resources away from other similarly situated visa applicants.

Second, Plaintiff is a non-resident noncitizen, suing the United States where no event giving rise to the claim occurred in this judicial district and no property is at stake. Plaintiff is currently located in India where his consular interview took place, his anticipated employment is in Irving, Texas, and he claims to be "domiciled" in Huntington Beach, California, all attempting to manufacture ties to this District Court.

Third, Secretary Rubio is an improper defendant to this action because he is not statutorily authorized to adjudicate visa applications, and thus no order directed to him could redress Plaintiff's alleged harms. Plaintiff has also not alleged and cannot allege the violation of a non-discretionary duty that consular officers failed to take.

Accordingly, Defendant respectfully requests that the Court dismiss this action without leave to amend.

## II. STATUTORY AND OPERATIONAL BACKGROUND

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*., sets out the process by which noncitizens can apply for visas to enter the United States. At issue in this case is an H-1B visa, an employment-based visa that allows noncitizens to perform services in a "specialty occupation" at a U.S. company for up to three years, with the opportunity to extend the visa for additional lengths of time. 8 U.S.C. § 1101(a)(15)(H)(i)(b).

To apply for an H-1B visa, a noncitizen must obtain both an approved labor certification and an approved visa petition from their employer.[1] Then, the noncitizen must complete and submit a Form DS-160, *the Online Nonimmigrant Visa Application*, and appear for an interview before a consular officer at the U.S. Consulate in the noncitizen's home country. 8 U.S.C. § 1202(h); 22 C.F.R. §§ 42.61(a), 42.62. During the interview, the noncitizen makes and executes an H-1B visa application. *See* 8 U.S.C. §§ 1201(a)(1)(B), 1202(c)-(d). "All nonimmigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(d). The noncitizen bears the burden of proving that he or she is eligible to receive the visa. 8 U.S.C. § 1361. Upon execution of a visa application, the consular officer must issue the visa or refuse the visa application. *See* 8 U.S.C. § 1201(g); 22 C.F.R. § 42.81(a).

Because a refusal under 8 U.S.C. § 1201(g) is based on the applicant's failure to demonstrate eligibility for a requested visa, consular officers often afford noncitizens who have been refused under that section additional administrative processes, which may generate evidence or conclusions that may provide a basis for the officer to reconsider the refusal. Critically, there is no statutory command to engage in additional

---

[1] *See generally* U.S. Dep't of State H-1B Specialty Occupations, https://www.uscis.gov/working-in-the-united-states/h-1b-specialty-occupations (last visited Nov. 25. 2025).

Defendant respectfully requests that the Court take judicial notice of the government websites cited in this motion. Fed. R. Evid. 201; *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (allowing information on government websites to be subject to judicial notice).

administrative processes that could assist noncitizens to meet their burden to demonstrate an eligibility for a visa.[2] Instead, the statutory scheme dictates that a consular officer must refuse a visa to noncitizens who fail to demonstrate eligibility. *See Karimova v. Abate*, 2024 WL 3517852, *2 (D.C. Cir. Jul. 24, 2024) ("Because the visa application has already been officially refused, keeping the door open in administrative processing can only benefit, never hurt, the applicant's entry prospects.").

## III. FACTUAL ALLEGATIONS

Plaintiff is a citizen of India and at the time of the filing of the Complaint is in India. *See* Compl. ¶ 1; Dkt. 1-1 at 8 (Form I-797A Notice of Action stating Plaintiff's citizenship). He purportedly works for a company called 10BITS, LLC, which is based in Irving, Texas. Dkt. 1-1 at 8. He is employed under the H-1B status, which authorizes his employment through October 10, 2027. *Id*.

As described by Plaintiff, sometime in "early" 2025, he voluntarily departed from the United States to attend to his father's illness, all without applying or obtaining authorization to re-enter the country. Compl. ¶¶ 37-38. On April 27, 2025, Plaintiff filed a Form DS-160, *Online Nonimmigrant Visa Application*, to get his H-1B visa to enter the United States. *Id*. ¶ 40. After submitting the DS-160, Plaintiff scheduled a visa interview at the U.S. Consulate in Chennai, India with a consular officer for May 9, 2025. *Id*. ¶ 42. On that day, Plaintiff attended the interview in India. *Id*. ¶ 44. After the interview a consular officer issued a 221(g)-refusal notice, stating that his DS-160 required additional administrative processing. *Id*.

Approximately 2.5 months later, on July 25, 2025, Plaintiff filed this lawsuit against the U.S. Secretary of State, asserting two Administrative Procedure Act ("APA") claims alleging an "unreasonable delay" in issuing a decision on the Form DS-160. *See generally* Dkt. 1.

---

[2] *See* State Dep't, Administrative Processing Information, available at: https://usaodc.click/AdminProcessInfo [https://perma.cc/YU85-43NF] (last visited Oct. 29. 2025).

## IV. LEGAL STANDARDS

Dismissal under Rule 12(b)(3) is appropriate when venue is improper. A court "shall dismiss" an action filed in an improper venue, but "if it be in the interest of justice," may transfer the case to another district "in which it could have been brought." 28 U.S.C. § 1406. In civil actions against the United States where real property is not at issue, venue is properly established when either: 1) a defendant or plaintiff is a resident of the judicial district, or 2) "a substantial part of the events or omissions giving rise to the claim" occurred within the judicial district. 28 U.S.C. § 1391(e); *c.f.* 28 U.S.C. § 1402(a)(1). When a Defendant challenges venue under Rule 12(b)(3), the plaintiff bears the burden "of showing that venue was properly laid." *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Dismissal under Fed. R. Civ. P. 12(b)(6) is warranted when a complaint fails to state a claim upon which relief may be granted that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546, 570 (2007) (quotation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts accept the complaint's factual allegations as true and draw reasonable inferences in favor of plaintiffs, but "[a] court need not accept as true a complaint's conclusory allegations or legal conclusions." *Kaye v. Brown*, No. 2:17-cv-4225-SVW, 2017 WL 11631496, at *5 n.7 (C.D. Cal. Oct. 4, 2017). A motion to dismiss in a delay case is analyzed by considering the six factors identified in *Telecommunications Research and Action Center (TRAC) v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984), known as the "*TRAC* factors."

The majority of judges in this District have found that a *TRAC* analysis may be conducted at the motion to dismiss stage as the motion is challenging the sufficiency of the pleadings. *See, e.g.*, *Vasiunkina v. United States Citizenship & Immigr. Servs.*, No. 2:24-CV-09116-AH, 2025 WL 1194497, at *3 (C.D. Cal. Feb. 13, 2025) ("…district courts regularly employ the TRAC factors at the pleading stage to assess the sufficiency of the pleadings."); *Besarati, et al. v. Rubio*, No. 2:24-cv-9714-MWF, Dkt. 18 at 9 (C.D. Cal. Mar. 11, 2025) ("Notably, however, the Court is 'not determining whether there has

been an unreasonable delay; rather, it is determining whether [the Complaint] has alleged facts sufficient to state a plausible claim for unreasonable administrative delay.") (quoting *Liu v. Denayer*, No. 2:21-cv-6653-DMG, 2022 WL 17370527, at *2 (C.D. Cal. Jul. 18, 2022)); *Asghari v. Rubio*, No. 2:24-cv-6055-MCS, 2025 WL 578384, at *5 (C.D. Cal. Jan. 23, 2025) (citing *Aghchay v. U.S. Dep't of State*, No. 2:22-cv-5708-PA, 2022 WL 19569516 (C.D. Cal. Dec. 20, 2022) and *Cheng v. Baran*, No. 2:17-cv-2001-RSWL, 2017 WL 3326451 (C.D. Cal. Aug. 3, 2017)); *Mahboubian v. Blinken*, No. 2:24-cv-175-FWS, 2024 WL 3659602, at *8 (C.D. Cal. Aug. 1, 2024); *Tenorio v. Bitter, et al.*, No. 5:23-cv-1581-KK, 2024 WL 2873754, at *3 (May 1, 2024); *Ferdowki v. Blinken*, No. 2:23-cv-1123-JWH, 2024 WL 685912, at *4-5 (C.D. Cal. Feb. 12, 2024); *but see Soroush v. Blinken, et al.*, No. 2:24-cv-6490-CAS, 2025 WL 305837, at *8 (C.D. Cal. Jan. 24, 2025) (declining to conduct the *TRAC* factors analysis at the pleading stage) (collecting cases).

Because Defendant is challenging the sufficiency of Plaintiff's allegations, which are accepted as true, Defendant respectfully requests that the Court conduct the *TRAC* factors analysis at the motion to dismiss stage.

## V. ARGUMENT

The Court should dismiss Plaintiff's Complaint because: (1) Plaintiff fails to state a claim because a 2.5 month delay in re-adjudicating Plaintiff's visa application is not unreasonable; and (2) this Court is an improper venue for a suit by a non-resident noncitizen against the United States where no event giving rise to the claim occurred in this judicial district and no property is at stake.

### A. Plaintiff Fails to Plausibly Allege That a 2.5 Month Delay in Re-Adjudicating His Visa Applications Is Unreasonable

The APA authorizes suit by any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "Agency action" is defined as, among other things, "failure to act." 5 U.S.C. § 551(13). The APA requires agencies to conclude matters

"within a reasonable time," 5 U.S.C. § 555(b), and authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To determine whether the agency's alleged delay is unreasonable, courts look to the six *TRAC* factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may apply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 79-80. The "rule of reason" factor is the most important (*see id.*), however, no factor is dispositive, and all factors must be considered. *See In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017); *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (applying *TRAC* factors). Here, all of *TRAC* factors favor Defendant.

1. <u>The First *TRAC* Factor (Rule of Reason) Favors Defendant.</u>

"The first factor considers 'whether the time for agency action has been reasonable.'" *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022) (citation omitted). "In the context of an immigration visa application, the first factor requires courts to consider both the length of the delay and the reasons for the delay." *Shahijani v. Laitinen, et al.*, No. 2:23-cv-3967-RGK, 2023 WL 6889774, at *4 (Oct. 6, 2023) (citation omitted). When determining the reasonableness of a delay in processing an I-130 visa applications, courts in this district have typically calculated the delay from the date of the interview

until the date the case was filed. *See, e.g., Ferdowski*, 2024 WL 685912, at *4; *Shahijani*, 2023 WL 6889774, at *5; *Mahboubian*, 2024 WL 3659602, at *6.

Here, the consular interview was held on May 9, 2025. Compl. ¶¶ 42-43. Thus, the application had been pending post-interview only 2.5 months when Plaintiff filed this lawsuit on July 25, 2025, and only 4 months have elapsed as of the filing of this motion. Courts typically hold that a delay of less than **four or five years** is not considered unreasonable in the immigration context. *See In re Cal. Power Exch. Corp.*, 245 F.3d 1110, 1125 (9th Cir. 2001) ("The cases in which courts have afforded relief have involved delays of years, not months.") (collecting cases); *see also Singh v. Bardini*, 2023 WL 4669864, at *2 (E.D. Cal. Jul. 20, 2023) (a 4-year delay was reasonable); *Shahijani*, 2023 WL 6889774, at *4 ("In the immigration context, courts typically hold that a delay of less than four years is not considered unreasonable."). Thus, the first factor weighs heavily in favor of Defendant.

2. The Second *TRAC* Factor (Congressional Timetable) Favors Defendant.

The second *TRAC* factor asks whether Congress has provided a timetable within which it expects the agency to proceed. *Vaz*, 33 F.4th at 1137. Here, it has not. Courts have largely recognized that "Congress has not set any statutory deadline for the processing of visas." *Besarati,* No. 2:24-cv-9714-MWF, Dkt. 18 at 10 (quoting *Alshawy v. United States Citizenship & Immigr. Servs.*, 2022 WL 970883, at *4 (D.D.C. Mar. 30, 2022) (internal quotation marks and citation omitted)); *Ghalambor v. Blinken*, No. 2:23-cv-9377-MWF, 2024 WL 653377, at *6 (C.D. Cal. Feb. 1, 2024).

Many plaintiffs claim Congress requires the State Department to process visas within a specific timeframe under 9 FAM § 504.7-2(b) and Section 237 of Pub. L. 106-113. This argument has been repeatedly rejected; courts have found that the policy preference is "merely precatory" and not binding. *Besarati,* No. 2:24-cv-9714-MWF, Dkt. 18 at 10 (citing *Poursohi, et al. v. Blinken*, 2021 WL 5331446, at *7 (N.D. Cal. Nov. 16, 2021) ("Policy statements made by Congress do not create binding, enforceable rights")); *Babamuradova v. Blinken*, 633 F. Supp. 3d 1, 15 (D.D.C. 2022) ("the FAM

does not require the State Department to take any action at all, let alone an action in a given time frame"); *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 318 (D.D.C. 2020) ("[w]hile Congress required the State Department to have a policy of adjudicating K-1 visas within 30 days of the receipt of all necessary documents from the applicant . . . it did not mandate a statutory deadline") (internal quotation marks omitted); *Ferdowski*, 2024 WL 685912, at *4 ("[A]lthough Plaintiffs argue that Congress has imposed a 30/60-day requirement on family visa processing, Plaintiffs' own briefing admits this is aspirational, not mandatory.")).

3. The Third (Human Health and Welfare) and Fifth (Prejudice) *TRAC* Factors Favor Defendant.

"The third and fifth factors overlap—the impact on human health and welfare and economic harm, and the nature and extent of the interests prejudiced by the delay." *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 118 (D.D.C. 2005); *Ferdowski*, 2024 WL 685912, at *5 ("Courts in the Ninth Circuit 'often consider the third and fifth factors together, evaluating the health and human welfare and interests prejudiced by the delay.'") (citation omitted).

Plaintiff's situation is unquestionably sympathetic, but it is not unique. While the Court considers Plaintiff's hardships, it must also consider "the government's competing priorities and the fact that pushing [Plaintiff's] application to the front of the line would delay the applications of others, who also have human welfare and interests at stake." *Shahijani*, 2023 WL 6889774, at *4; *Khajik v. Blinken*, No. 2:23-cv-4891-DSF, 2023 WL 12002767, at *3 (C.D. Cal. Nov. 9, 2023) ("However, the Court cannot find this to be a unique or particularly pressing need to justify prioritizing [the plaintiff's] petition or altering the routine course of the State Department's evaluation of visa applications.") (citation omitted). The same is true here.

4. The Fourth *TRAC* Factor (Effect of Expediting Relief) Favors Defendant.

The effect of prioritizing Plaintiff's application would simply move Plaintiff to "the head of the queue" and "move all others back one space and produce no net gain."

*Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003); *Khajik*, 2023 WL 12002767, at *3 ("Most courts have found that the fourth *TRAC* factor weighs heavily in the agency's favor when a judicial order putting plaintiff[ ] at the head of the line would simply move all others back one space and produce no net gain.") (citing *Hulli v. Mayorkas*, 549 F. Supp. 3d 95, 102 (D.D.C. 2021)); *Liuqing Zhu v. Cissna*, 2019 WL 3064458, at *5 (C.D. Cal. Apr. 22, 2019) (same). "Granting the relief Plaintiff seeks would simply push others, some of whom may not have the resources to commence litigation, further back in the process. This factor therefore weighs strongly in favor of Defendants." *Aghchay*, 2022 WL 19569516, at *3.

5. <u>The Sixth *TRAC* Factor (Impropriety) Is Neutral Or Favors Defendant.</u>

The sixth *TRAC* factor provides that "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80 (internal quotations omitted); *Khajik*, 2023 WL 12002767, at *3. "Under similar circumstances, courts within the Ninth Circuit have found this factor to either weigh in the government's favor or to be neutral." *Poursohi,* 2021 WL 5331446, at *11 (collecting cases). Thus, this factor either weighs in Defendant's favor or is neutral.

In sum, because the *TRAC* factors weigh heavily in Defendant's favor, Plaintiff's allegations are insufficient to state a plausible claim for unreasonable delay and the Complaint should be dismissed.

**B. This Court Is an Improper Venue, Nor Is Any Venue Proper**

The Court should dismiss for improper venue because the complaint fails to meet statutory venue requirements in this or any judicial district. *See* 28 U.S.C. § 1406 (court "shall dismiss" when venue improper); *see also* Fed. R. Civ. P. 12(b)(3). In civil actions against the United States where real property is not at issue, venue exists when: 1) a defendant or a plaintiff is a resident of the judicial district, or 2) "a substantial part of the events or omissions giving rise to the claim" occurred there. 28 U.S.C. § 1391(e); *c.f.* 28 U.S.C. § 1402(a)(1). Critically, a non- lawful permanent resident (LPR) noncitizens like

Plaintiff is not a "resident" of the judicial district under Sections 1391 and 1402(a)(1)).[3] *See Williams v. United States*, 704 F.2d 1222, 1225 (11th Cir. 1983) (citing *Galveston, Harrisburg & San Antonio Railway Co. v. Gonzales*, 151 U.S. 496, 506-07 (1894)); *see also Diamond v. United States*, 765 Fed. App'x 377, 378 (9th Cir. 2019) (unpublished) (affirming denial of non-resident, noncitizen's motion to transfer venue where "venue was not proper in any district court."). And transferring venue is inappropriate when no venue would be proper. *See* 28 U.S.C. § 1406(a); *e.g.*, *Diamond v. United States*, No. 2:17-CV-06327-ODW, 2018 WL 922128, at *2 (C.D. Cal. Feb. 15, 2018), *aff'd*, 765 F. App'x 377 (9th Cir. 2019) (dismissing for improper venue claims by a non-LPR residing abroad against the United States). Plaintiff meets none of the avenues for proper venue in this or any judicial district.

First, venue does not lie under 28 U.S.C. § 1391(e)(1)(A) (defendant's residence). For venue purposes, agency heads and agencies reside at their headquarters, usually in Washington, D.C., and "what controls is the official residence of the federal defendant where the official duties are performed[.]" *See*, *e.g.*, *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) (interpreting Section 1391(e)); *Batra v. United States Citizenship & Immigr. Servs.*, No. 2:21-CV-02489-SB-AFM, 2021 WL 4353112, at *5 (C.D. Cal. Aug. 2, 2021). Plaintiff's sole defendant is Secretary Rubio, resident in Washington, D.C., so § 1391(e)(1)(A) does not authorize venue in this judicial district. *See* 22 U.S.C. § 2651 (State Dep't organized at "the seat of government"), *e.g.*, *Batra*, 2021 WL 4353112, at *5. Even if other defendants were named, venue would remain improper: the INA vests adjudicatory power over visa applications in consular officers, who adjudicate them at U.S. consulates located abroad, outside any U.S. judicial district. *See* 8 U.S.C. § 1104(a)(1); 22 C.F.R. § 42.61(a).

Second, Section 1391(e)(1)(B) does not establish venue. That provision offers

[3] 28 U.S.C. § 1391(c) distinguishes between non-resident defendants of any citizenship, who "may be sued," and natural persons qualified to be plaintiffs, who "reside in the judicial district in which that person is domiciled[.]"

venue when "events or omissions giving rise to the claim" occur in the judicial district. But agency action usually occurs where the federal official handles an application. *See*, *e.g.*, *Batra*, 2021 WL 4353112, at *3. "[F]or venue purposes, where an application is adjudicated is more important than where an application is submitted[.]" *Kantharia v. USCIS*, 672 F. Supp. 3d 1030, 1034 (C.D. Cal. 2023). Here the event "giving rise to" Plaintiff's claim is the consular officer's alleged failure to re-adjudicate the DS-160, in Chennai, India. Compl. ¶¶ 42-43; *see* 8 U.S.C. § 1202(a); 22 C.F.R. § 42.62(a). As Plaintiff self-petitioned for this visa, is a non-resident noncitizen, and in any event is not for venue purposes a resident of this or any judicial district, the consular officer's visa refusal was not an event or omission in this or any U.S. judicial district. *See* 5 U.S.C. § 702; Compl. ¶¶ 1, 42-43 (Plaintiff is a national of India residing abroad and self-petitioned).

Third, as a non-LPR noncitizen, Plaintiff also fails to establish venue under Section 1391(e)(1)(C) (plaintiff's residence) or Section 1402(a)(1) because he is not a resident in this judicial district for venue purposes. Indeed, non-LPR noncitizens do not "reside" in any judicial district for venue purposes. *See Galveston, Harrisburg & San Antonio Ry. Co. v. Gonzales*, 151 U.S. 496, 506-07 (1894); *Williams v. United States*, 704 F.2d 1222, 1225 (11th Cir. 1983) (citing *Gonzales*).

Regardless, even if in a vernacular sense Plaintiff might be viewed as a resident of the Central district, when Congress intends "to allow aliens to bring an action in the district of their residence, Congress has expressly done so." *See Zhang v. Chertoff*, 2008 WL 5271995, at *4 (N.D. Cal. Dec. 15, 2008) (quoting *Ou v. Chertoff*, 2008 WL 686869, at *2 (N.D. Cal. Mar. 12, 2008) (applying *Gonzales*)).

Here, Plaintiff does not assert any statutory basis establishing venue in this District. *See generally* Compl. ¶ 6. Plaintiff's venue argument lacks merit. Plaintiff asserts venue because he "domiciled" in Huntington Beach, California and his "domiciled" in this District and Division. *Id*. ¶¶ 1, 6. Yet, his own pleadings demonstrate that he purportedly works for a company called 10BITS, LLC, based in Irving, Texas.

Dkt. 1-1 at 8. And Section 1391(e)(1)(C) is not implicated for the reasons shown above. *See* 28 U.S.C. § 1391(e)(1)(C).

Finally, Section 1406 permits a court to transfer a case to a court where it could have been properly brought, but only "if it be in the interests of justice[.]" 28 U.S.C. § 1406(a). Where a non-resident noncitizen plaintiff sues officers of the United States over visa adjudication conducted outside any judicial district, venue is improper in *any* judicial district. *See* 28 U.S.C. § 1391(e)(1)(A); 8 U.S.C. § 1104(a)(1) (visa adjudication authority vested in consular officer); 22 C.F.R. §42.61(a). Indeed, here, no current or potential defendant involved in adjudicating Plaintiff's visa application could reasonably reside within a federal judicial district. The Secretary of State is not a consular officer under the INA and is not empowered to adjudicate visa applications. 8 U.S.C. § 1104(a)(1). Conversely, consular officers' place of official residence is abroad, outside any judicial district. *See* 8 U.S.C. § 1201(a)(1)(A); *e.g.*, *Lamont*, 590 F.2d at 1128, n.19.

As Plaintiff similarly resides for venue purposes outside any judicial district, there is no judicial district where he could establish residence venue. *See Diamond*, 2018 WL 922128, at *5. Regardless, the interests of justice would weigh heavily against a transfer because Congress did not offer noncitizens residing abroad a forum for judicial review of visa denials. *See Allen v. Milas*, 896 F.3d 1094, 1107 (9th Cir. 2018) (citing *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1160-62 (D.C. Cir. 1999)). As such, the Court should dismiss for defective venue. *See* 28 U.S.C. § 1406(a).

### C. Secretary Rubio is an Improper Defendant Because He is Unable to Redress Plaintiff's Alleged Harms

Finally, this Court should dismiss this case for lack of subject matter jurisdiction because the allegations against the sole named defendant Marco Rubio, in his official capacity as the United States Secretary of State, is "insufficient on their face to invoke federal jurisdiction." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By statute, Secretary Rubio has no role in re-adjudicating the visa application in question. *See* 8 U.S.C. § 1104(a)(1); *see also* 22 U.S.C. § 2651a(a)(3)(B)(ii). As the D.C.

Circuit has emphasized, the INA "grants consular officers exclusive authority to review applications for visas, precluding even the Secretary of State from controlling their determinations." *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021) (quotation omitted). "The powers afforded to consular officers include, in particular, the granting, denying and revoking of immigrant and nonimmigrant visas." Saavedra Bruno, 197 F.3d at 1156.

Where a plaintiff challenges a policy or practice of an Executive Branch agency, the head of the agency is ordinarily the appropriate defendant. But here, Plaintiff does not challenge a State Department policy, rule, practice, or regulation. Rather, Plaintiff seeks to compel re-adjudication of a specific visa application, the exclusive province of a U.S. consular officer. *Cf.* 5 U.S.C. § 702 (an APA injunction "shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance"); *Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986) ("The [INA] thereby conferred upon consular officials the authority to issue or withhold visas. Congress specifically exempted the exercise of this power from review by the Secretary of State.") (citation omitted). And because consular officer already refused Plaintiff's visa application, there is nothing ministerial to order. *See, e.g.*, *Senobarian v. Blinken*, No. 2:23-CV-07208-ODW, 2024 WL 897566, at *3 (C.D. Cal. Feb. 29, 2024).

Therefore, because the Court cannot fashion a remedy to redress the alleged injury, this case should be dismissed under Rule 12(b)(1). *See Johnson v. United States*, 2009 U.S. Dist. LEXIS 135608* at *5-6 (C.D. Cal. Jul. 23, 2009) (dismissing claims against United States where improper defendant could not provide redress).

**D. Dismissal Should Be Without Leave to Amend.**

Generally, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Here, any amendment at this time would be futile because Plaintiff's complaint was filed in an improper venue, and because Plaintiff's immigration application has not been sufficiently delayed. In circumstances where there is not a delay in adjudicating an immigration application, dismissals have been entered without leave to amend. *See, e.g., Vasiunkina*, 2025 WL 1194497, at *6; *Asghari,* 2025 WL 578384, at *6 (citation omitted).

## VI. CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court grant this motion and dismiss Plaintiff's Complaint without leave to amend.

Dated: November 25, 2025

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant

**Local Rule 11-6.2 Certificate of Compliance**

Pursuant to Local Rule 11-6.2, the undersigned, counsel of record certifies that this Motion contains 4,641 words and is 14 pages, which complies with the word limit of L.R. 11-6.1 and the page limit set by the Court's Standing Order [Dkt. 10].

Dated: November 25, 2025

/s/ *Alexander L. Farrell*

ALEXANDER L. FARRELL
Assistant United States Attorney

**Certificate of Compliance with the Court's Standing Order [Dkt. 10]**

I certify that the parties met by videoconference, thoroughly discussed each and every issue raised in the motion and attempted in good faith to resolve the motion in whole or in part.

Dated: November 25, 2025

/s/ *Alexander L. Farrell*

ALEXANDER L. FARRELL
Assistant United States Attorney