BERNARD P. WOLFSDORF
CA Bar No. 107657
Wolfsdorf Rosenthal, LLP
1416 2nd Street
Santa Monica, CA 90401
Tel: (310) 570-4088
bernard@wolfsdorf.com

BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, SC 29403
843.352.4272
brad@baniaslaw.com

*appearing pro hac vice*

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Shrey Shrivastava,<br><br>Plaintiff,<br><br>v.<br><br>Marco Rubio, Secretary, U.S. Department of State,<br><br>Defendant. | C/A No.: 8:25-cv-1639-AH-ADS |

**RESPONSE TO PARTIAL MOTION TO DISMISS**

Defendant ("DOS") admits that it has everything it needs to make a decision: "The most recent information I have is that State Department just received the most recent medical examination report on 1/8/26 and that they are still considering the reports in their decision." DOJ Email at 1 (attached as Ex. A). And yet, Plaintiff Shrey Shrivastava ("Shrey") continues to

wait India, despite having a job, apartment, car, and life in Huntington, Beach California. DOS's form motion to dismiss fails to address the specific facts of Shrey's 8-month, post-interview wait for a decision on his visa application; instead, it repeatedly claims Shrey is challenging only a 2.5-month delay. Gov't Mot. at 1 [ECF No. 21].

For the reasons below, this Court should deny DOS's partial motion to dismiss.[1]

**I. Venue is proper.**

DOS argues that venue is improper in this case though Shrey maintains an apartment, car, insurance, and employment in Huntington Beach because DOS is unlawfully withholding—a claim DOS does not seek to dismiss—and unreasonably delaying a decision on his visa to return home. Gov't Mot. at 11. DOS cites no case law to support its argument, Gov't Mot at 10-11, because no case holds that a temporary absence from your domicile renders venue improper. Rather, "Persons are domiciled in the places they reside with the intent to remain or to which they intend to return." *Shah v. Russco57, LLC*, No. CV 25-12371 PA (MARX), 2026 WL 71868, at *1 (C.D. Cal. Jan. 9, 2026). There is no question Shrey intends to return to Huntington Beach to his home, car, job, and life. This Court need not go any further to deny DOS's venue argument.

DOS seems to argue that nonimmigrants can never establish venue in *any* district court in the United States because a "non-lawful permanent resident (LPR) noncitizens [sic] like Plaintiff is not a 'resident' of the judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1402(a)(1)." Gov't Mot. at 11 n.3. DOS is thus arguing that federal courts are wholly unavailable to nonimmigrants because they lack the capacity to establish venue based solely on their alienage.

[1] DOS's motion to does not seek to dismiss Shrey's first cause of action for unlawful withholding, only Shrey's second cause of action for unreasonable delay.

*Id.* DOS cites no case from this Circuit that holds as much, and it cites no case law that post-dates the current venue statute that supports such alienage discrimination. *Id.* (citing a case from the 11th Circuit and a Supreme Court case from 1894). If this Court adopts DOS's interpretation, it will shut the doors of federal courts to nonimmigrants, which appears to be DOS's actual desire. ECF No. 17 (arguing nonimmigrants can't establish venue in *any* jurisdiction). This would raise serious constitutional questions considering the First Amendment provides the right to petition to courts for redress to all "people," not only citizens or lawful permanent residents.

**II. DOS's Rule 12(b)(6) motion is premature.**

Immigration benefits delay cases "should not typically be resolved at" the Rule 12(b)(6) stage. *Gonzalez v. Cuccinelli,* 985 F.3d 357 (4th Cir. 2021). While "there may be good reasons for USCIS's delays. . . . at the pleading stage, next to nothing is known about those reasons and further factual development is necessary." *Raju v. Cuccinelli*, No. 20-CV-01386-AGT, 2020 WL 4915773, at *3 (N.D. Cal. Aug. 14, 2020). As such, Courts should and have "resisted drawing arbitrary lines as a matter of law of unreasonable delay claims . . . [and] refuse[] to accept [the Agency's] implicit invitation to rely upon evidence outside the pleadings at the is motion to dismiss stage." *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1384 (M.D. Ga. 2019). Afterall, "the merits depend on the facts. To address the merits without knowing the facts would be precipitous. . . . The Court will wait until it has evidence before it to decide the merits of the plaintiffs' claim." *Addala v. Renaud*, No. 1:20-cv-2460-RCL, 2021 U.S. Dist. LEXIS 13054, at *8 (D.D.C. Jan. 25, 2021). Actual, tested facts are crucial to the merits of an unreasonable delay claim because *TRAC* factor presents a unique question of fact.

> While a 'first in, first out' approach with enumerated exceptions may be a rule of reason, we do not know enough about how the agency implements its rules and exceptions. . . . Among the issues that may be important on remand are the resource constraints. The agency may be well be able to show resource constraints and

> competing priorities in any number of ways. . . But at this point we cannot rely on the agency's allegations to find as a matter of law that this factor necessarily favors the agency.

*Gonzalez*, 985 F.3d at 375-76; *see also Gutta v. Renaud*, No. 20-CV-06579-DMR, 2021 WL 533757, at *8 (N.D. Cal. Feb. 12, 2021).

Here, DOS argues that, based on its own factual averments, Shrey fails to state a claim. Gov't Mot. at 7-10. This Court cannot and should not consider any of the facts the Agency avers because, under *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2008), this Court should review only the well plead facts in the complaint, accord them the "presumption of truth," and then determine whether the claim is plausible. This Court cannot and should not consider DOS's unsupported, conclusory counter-allegations at the Rule 12(b)(6) stage. Because a fact-intense Rule 12(b)(6) motion is inappropriate, this Court should deny this motion.

**III. Shrey states a claim.**

To the extent this Court considers the merits of Shrey's delay claim and "weighs" the evidence, Gov't Mot. at 8 (arguing the first factor "weighs heavily in favor of" DOS), Shrey's well-pled allegations under the *TRAC* factors state a claim. *Telecommunications Research & Action Ctr. v. FCC ("TRAC")*, 750 F.2d 70 (D.C. Cir. 1984). To state a claim under Rule 12(b)(6), Shrey need only allege non-conclusory, specific facts that demonstrate a plausible claim to relief. *Iqbal*, 556 U.S. at 679-80. This is a two-step analysis. First, the Court should review the complaint for well-pleaded allegations—those allegations that are non-conclusory. *Id.* at 678. Second, the Court should assume all well-pleaded allegations as true and determine whether the complaint states a "plausible" claim. *Id.*at 679. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Under the first *TRAC* factor, the Court should consider whether a rule of reason governs DOS's issuance of nonimmigrant visas. *TRAC* 750 F.2d at 79. A "rule of reason" is an agency policy, rule, or process that governs, regulates, or controls the time agencies take to make a particular decision. *TRAC*, 750 F.2d at 80. A rule of reason requires more than a description of how a benefits application goes through the agency from filing to decision because, in hindsight, an agency can always describe the path an application took through an agency. *Id.* Rather, a rule of reason requires statutory, regulatory, or policy guardrails to "govern" the *length* of time an agency takes to make a decision. *Id.* While this Court considers this the "most important" factor, it is not "determinative." *Zafarmond v. Pompeo*, No. 20-cv-00803-MMC, 2020 WL 4702322, at *7 (N.D.Cal. Aug. 13, 2020).

Here, Shrey alleges the following:

- "DOS has no rule of reason or processing logic to ensure timely adjudication of petitions," FAC at ¶ 107;
- "DOS typically issues visas within 3 days of an interview," *Id.* at ¶ 108;
- "DOS has no internal guidelines on how long it should take to issue a final decision for a case that it has put in to 'administrative processing,'" *Id.* at ¶ 109;
- "there is no attempt to create a rule of reason and it is just made up as Defendant goes along," *Id.* at ¶ 110; and
- DOS does not track the length of these petitions and therefore has no way to ensure they are decided in a timely fashion," *Id.* at ¶ 111.

These are specific, well-pled allegations that, if true, indicate that DOS does not have guidelines or even collect the necessary data to apply a rule to "govern" the issuance nonimmigrant visas. These allegations further are corroborated by the absence of any such guidelines in the Foreign Affairs Manual and the lack of reporting of any such data. Considering consular officers are not

permitted to forgo a decision after an interview, any delay in a final decision after the interview outside of narrow circumstances violates DOS's own "issue or refuse" rule in the Foreign Affairs Manual: "An NIV must be issued or refused in all cases once an application has been made." 9 FAM 403.10-2.

DOS argues that an 8-month delay cannot be unreasonable because the length of time is dispositive. Gov't Mot. at 7. But DOS cites no case that indicates the length of time alone is dispositive, and none of the myriad cases DOS cites support that proposition or deal with an 8-month delay of a nonimmigrant visa that continues to be delayed despite the fact the consulate has all of the information it has sought "as of 1/8/26." Ex. A.

Shrey stated a claim under Factor 1.

Next, *TRAC* factor 2 considers whether Congress gave content to the rule of reason or indicated a timetable. *TRAC*, 750 F.2d at 80. Shrey alleges Congress intended adjudications quick enough to avoid gaps in employment in the American Competitiveness Act of 2001 and the American Competitiveness and Work Force Initiative Act. FAC at ¶ 114. Both acts sought to protect the labor market from gaps in work authorization for H-1B workers, like Shrey. Taken as true, this allegation would indicate that Shrey's delay, which has kept him out of the office for nearly a year, violates congressional intent to avoid disruptions in the labor force. This alone is enough for Shrey to state a claim under Factor Number Two.

DOS however argues that "Plaintiff baselessly claims State Department to process [sic] within a specific timeframe under 9 FAM § 403.10-2(A). FAC ¶ 97." Gov't Mot at 8. However, Shrey quotes § 403.10-2 and alleges it supports the argument that DOS must make a decision at the time of the interview, not drag out adjudication for 8 months: "The Consulate is required to issue or refuse a visa at the consular interview: "An NIV

must be issued or refused in all cases once an application has been made, except when the Secretary has ordered you to discontinue issuing visas under INA 243(d).” FAC at ¶ 97. This Court should reject this argument because DOS misstates the clear purpose of Shrey’s allegation and it is unclear how the very language in DOS’s own manual can be a “baseless” allegation. However, the allegation at paragraph 97 certainly indicates that DOS interprets congressional intent to require an immediate decision at an interview because DOS promulgated the Foreign Affairs Manual.

Shrey stated a claim under Factor Two.

Factor three, four, and five consider the hardship to Shrey and any harm to DOS’ priorities from compelling action. *TRAC*, 750 F.2d at 80. Shrey’s amended complaint is replete with well-pled allegations of serious hardships from this delay. FAC at ¶¶ 83-88, 116-119. DOS seems to concede this in its motion to dismiss. Gov’t Mot. at 9. But DOS seems to argue that ordering DOS to make a decision on Shrey’s application—especially since they now have all of the medical reports it demanded as of 1/8/26, Ex. A—should be considered. Gov’t Mot. at 9. First, DOS typically decides nonimmigrant visas in 3 days. Because Shrey has been waiting more than 8 months, it cannot be reasonably said that a decision would push anyone back in line as there is no indication anyone else has waited this long. Second, as alleged in the FAC, DOS has decided hundreds of applications that were filed after Shrey’s and DOS makes hundreds of nonimigrant visa decisions daily. Thus, to the extent an order compelling a decision would impact DOS, the impact would be de minimus and is outweighed by the harm to Shrey.

Shrey stated a claim under factors three, four, and five.

Finally, Factor Six considers whether bad faith is a source of delay. *TRAC*, 750 F.2d at 80. Shrey alleged that “DOS has seemingly created a policy over the past few years, especially for

Indian nationals, to place cases in the black hole that is administrative processing and cause infinite delay until the applicant gives up the case." FAC at ¶ 121. This is corroborated by the current administration's rhetoric and continued attacks on H-1B visa holders and employers.

Shrey, therefore, has also stated a claim under Factor Six.

Shrey has stated a claim for an unreasonable delay and unlawful withholding. This Court should deny this motion.

**CONCLUSION**

For these reasons, this Court should deny this motion, but even if it dismisses Shrey's unreasonable delay claim, his unlawful withholding claim will go forward because DOS did not move to dismiss it. Thus, even if this Court grants this partial motion to dismiss, this Court should order DOS to answer within 14 days of any decision.

January 14, 2026

Respectfully submitted,

BERNARD P. WOLFSDORF
CA Bar No. 107657
Wolfsdorf Rosenthal, LLP
1416 2nd Street
Santa Monica, CA 90401
Tel: (310) 570-4088
bernard@wolfsdorf.com

s/Brad Banias
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, SC 29403
843.352.4272
brad@baniaslaw.com

*appearing pro hac vice*

Attorneys for Plaintiff

**<u>Local Rule 11-6.2 Certificate of Compliance</u>**

Pursuant to Local Rule 11-6.2, the undersigned certifies that this response contains 2407 words and is 8 pages, which complies with the word limit of L.R. 11-6.1 and the page limit set by this Court's standing order.

January 13, 2026

Respectfully submitted,

BERNARD P. WOLFSDORF
CA Bar No. 107657
Wolfsdorf Rosenthal, LLP
1416 2nd Street
Santa Monica, CA 90401
Tel: (310) 570-4088
bernard@wolfsdorf.com

<u>s/Brad Banias</u>
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, SC 29403
843.352.4272
brad@baniaslaw.com

*appearing pro hac vice*

Attorneys for Plaintiff