UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01639-AH-(ADS) | Date | February 5, 2026 |
| Title | *Shrey Shrivastava v. Marco Rubio* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 21] [JS-6]**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendant Marco Rubio, the United States Secretary of State. *See* Mot. to Dismiss, Dkt. 21 ("Mot."). The matter is fully briefed and the Court heard oral argument on February 4, 2026. For the following reasons, the Court **GRANTS in part** the Motion.

## I. BACKGROUND

Plaintiff, Shrey Shrivastava, is a citizen of India, presently in India, seeking an order compelling the Department of State ("DOS") to make a final decision on Plaintiff's pending Form DS-160 nonimmigrant visa application ("Application"). First Amended Complaint ("FAC"), Dkt. No. 18, ¶¶ 1, 105, 127. Plaintiff previously resided in and worked in the United States under an H-1B sponsorship. *Id.* ¶ 47-61, 82, 84. Plaintiff alleges that he continues to be employed in the United States. Opp'n, Dkt. No. 23, at 2.

In 2025, Plaintiff traveled to India with the intention of returning within weeks. FAC ¶ 61. When he was ready to return, he applied for an H-1B

nonimmigrant visa and scheduled a visa interview at the U.S. Consulate in Chennai, India for May 9, 2025. *Id.* ¶¶ 62, 64. Thereafter, Plaintiff was informed that his Application required "additional administrative processing." *Id.* ¶ 66. Prior to his departure to India and while he was living in the United States, Plaintiff was arrested three times for driving under the influence. *Id.* ¶ 50. Plaintiff alleges the DOS required him to undergo a medical panel in India to test for alcohol and participate in three months of random alcohol testing. *Id.* at 2.[1] Plaintiff states that as of January 8, 2026, the U.S. Consulate possesses all of the information it requires to make a decision. Opp'n at 6; *see also* Opp'n, Ex. A, Dkt. No. 23-1.

Plaintiff alleges that absent a final decision on his Application, he is at risk of losing his job and H-1B sponsorship and violating probation in Texas. FAC ¶¶ 84-85. Based on these allegations, on December 16, 2025, Plaintiff filed his FAC alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and requests that the Court compel Defendant to make a final decision on his Application. *Id.* ¶ 15.

On December 30, 2025, Defendant moved to dismiss the Complaint under Rule 12(b)(3) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. Plaintiff opposed, *see* Opp'n, Dkt. No. 23, and Defendants replied, *see* Reply, Dkt. No. 24.

## II. LEGAL STANDARDS

### A. Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) provides that a party may move to dismiss a case for "improper venue." In actions brought against officers or employees of the United States, venue is proper where: "(A) defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When

---

[1] The Court refers to the ECF page number as the introductory paragraphs of the FAC are not numbered.

venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). "These provisions . . . authorize dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013); *see also In re Hall, Bayoutree Assocs.*, 939 F.2d 802, 804 (9th Cir. 1991) (determining that dismissal for improper venue must be without prejudice). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Atl. Marine*, 571 U.S. at 55.

## III. DISCUSSION

Defendant argues venue is improper because he does not reside in this district, no relevant events occurred in this district, and Plaintiff resides outside of the United States, in India. Mot. at 10-11. Plaintiff does not dispute that Defendant does not reside in this district or that no relevant events occurred in this district, but instead argues that he resides in California.

The Court agrees that neither Defendant's residence nor the underlying events giving rise to the claim establish venue in this district. "Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes, and that venue does not lie in every district where a federal agency has an office." *See Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) (citation omitted). In addition, the Court agrees that "a substantial part of the events . . . giving rise to the claim" did not occur in this district. 28 U.S.C. § 1391(e)(1). Plaintiff's claims are based on his visa application and interview, and the government's response, which all took place at the U.S. Consulate in India. FAC ¶ 62, 64, 66, 79.

Plaintiff instead alleges venue is proper because he is domiciled in this district. FAC ¶ 6. 28 U.S.C. § 1391(c)(1) provides that "a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled." In 2011, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act amending the venue statute to add "'an alien lawfully admitted for permanent residence in the United States' to the category of 'natural person' who 'shall be deemed to reside in the judicial district in which that person is domiciled.'" *Fang v. Rubio*, 2025 WL 2772860, at *3 (N.D. Cal. Sept. 29, 2025). Prior to the

amendment, "courts had long held that non-citizens are not residents of any district of the United States for purposes of venue, regardless where they might live." *Luna v. United States*, 2021 WL 673534, at *1 (W.D. Wash. Feb. 22, 2021) (citations omitted). "[T]he legislative history shows that Congress was aware not only that then-current law generally precluded non-citizens from identifying a residence in the United States, but that the contemplated 'clarification' of 28 U.S.C. § 1391(c)(1) would have the effect of permitting 'permanent resident aliens domiciled in the United States to raise a venue defense.'" *Id*. (citation omitted). "The expansion did not, however, apply to all non-citizens." *Id*.; *see also* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3810 (4th ed. Sept. 2025 update) ("Contrary to prior law, now certain aliens—those lawfully admitted to the United States for permanent resident status—are considered to 'reside' in a judicial district for venue purposes.").

At the hearing on this motion, Plaintiff argued that the clause "alien lawfully admitted for permanent residence in the United States" refers to those with legal permanent residence ("LPR") status. And because Plaintiff undisputedly does not have LPR status, Plaintiff argues that the venue statute impermissibly closes the courthouse doors to him and so must be read to provide that all noncitizens can establish venue based on where they are domiciled. However, Plaintiff does not explain why it would be impermissible – which he described at the hearing as an error of constitutional magnitude – to ignore Plaintiff's residency for venue purposes. *Cf. Kim v. Saccento*, 2022 WL 9583756, at *1 (2d Cir. Oct. 17, 2022) ("Although Kim argues that 'venue is proper' in the SDNY because *he* – the *plaintiff* – now 'is located in New York and a resident of New York State,' a plaintiff's residence is irrelevant to the venue inquiry, which instead turns on where the '*defendant[s]* reside[ ]' and where 'the events ... giving rise to the claim occurred.'") (citation omitted). Although section 1391(e) does establish venue based on where a plaintiff "resides," "residency" is specifically defined by section 1391(c) "for all venue purposes." 28 U.S.C. § 1391(c). Moreover, there is a forum for Plaintiff here – the District of Columbia.

If Plaintiff's position that the clause "alien lawfully admitted for permanent residence in the United States" means one with LPR status is correct, then the inquiry would end there. However, the Court notes that some courts have interpreted this clause to import pre-2011 caselaw, including cases that have looked at the "ability, under the immigration laws, to form the intent to remain in the United States indefinitely." *See, e.g., Luna*, 2021 WL 673534, at *2 (citing *Castellon-Contreras v. INS*, 45 F.3d 149, 153-54 (7th Cir. 1995). Those cases

generally look to whether the noncitizen "(i) has been lawfully admitted to the United States and (ii) has formed an intent, consistent with the immigration laws, to remain in the United States indefinitely to establish residency." *Id*. However, here, although Plaintiff alleges generally that he intends to remain in California if his Application is granted, he does not claim that he has been lawfully admitted. Even under Plaintiff's broad definition of residency as a place where one resides, Plaintiff currently lives in India. *See, e.g., Chorostecki*, 742 F. Supp. 3d at 1082 (finding lack of venue for noncitizen Plaintiff who owned a residence in Los Angeles, but was presently in Canada awaiting a final decision on her visa application).

Accordingly, the Central District of California is not the proper venue for this case. In light of this finding, the Court declines to reach the remainder of the arguments raised in Defendant's Motion to Dismiss under Rule 12(b)(6). Based on the arguments presented at the hearing, the Court finds that transfer to the District of Columbia is appropriate in the interest of justice.

## IV. CONCLUSION

For the foregoing reasons, the Court finds venue improper in the Central District of California and **GRANTS** in part the Motion to Dismiss under Rule 12(b)(3), without prejudice. The case is transferred to the U.S. District Court for the District of Columbia.

**IT IS SO ORDERED.**